IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **BREAKING GLASS PICTURES,** | ) | **CASE NO. 1:13 CV 802** |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **JUDGE DONALD C. NUGENT** |
| | ) | |
| DOES 1-99, | ) | |
| | ) | |
| Defendants. | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |

This matter is before the Court on the Motion to Quash Subpoena to Produce Documents (Docket #10) filed by non-party Buckeye Cablesystem. This case, along with eight others,[1] were filed by Plaintiff, Breaking Glass Pictures, asserting copyright violations by the Doe Defendants

---

[1]

In Case Nos. 1:13 CV 803 and 1:13 CV 805, Magistrate Judge William H. Baughman, Jr. recommended that Judge Lesley Wells consolidate all of the pending *Breaking Glass Pictures* cases, Case Nos 1:13 CV 800; 1:13 CV 801; 1:13 CV 802; 1:13 CV 803; 1:13 CV 804; 1:13 CV 805; and 1:13 CV 808, as related cases. The Report and Recommendations are pending.

Two of the original *Breaking Glass Pictures* cases filed by Plaintiff were dismissed without prejudice by Judge James S. Gwin for failure to comply with the Court's order that the Doe Defendants be severed and that Plaintiff proceed with a single Defendant. *See Breaking Glass Pictures v. Does 1-84*, Case No. 1:13 CV 806, and *Breaking Glass Pictures v. Does 1-19*, Case No. 1:13CV 806. In Case No. 1:13 CV 804, Magistrate Judge Greg White issued a Report and Recommendation recommending that the reasoning of Judge Gwin be adopted. The Report and Recommendation is pending.

who are alleged to have "acted in a collective and interdependent manner via the Internet in the unlawful reproduction and distribution of Plaintiff's copyrighted motion picture, '6 Degrees of Hell' . . . by means of interactive 'peer-to-peer' . . . file transfer technology protocol called BitTorrent." Plaintiff alleges that the Doe Defendants in this case were part of a single "'swarm' in which numerous Defendants engaged in mass copyright infringement of Plaintiff's Motion Picture." See Complaint at Paragraphs 4 and 5.

In its Motion to Quash, Buckeye argues that it should not be required to produce the names, addresses, email addresses, media control and other information corresponding to three of the IP addresses purported to belong to Buckeye customers who are included as John Does in the Complaint. Buckeye asserts that the subpoena issued by Plaintiff violates Fed. Rule Civ. P. 45(c)(3) by creating an undue burden on its customers, who it alleges have been improperly joined as Defendants, and improperly seeks private information subject to a qualified privilege afforded internet users. Buckeye argues that the subpoena violates the First Amendment rights of its customers.

On July 26, 2013, Plaintiff filed its Memo Contra Buckeye Cablesystem's Motion to Quash Subpoena to Produce Documents.  (Docket #11.)  Plaintiff argues that the information subpoenaed is neither privileged nor protected and that joinder of Defendants in this case is appropriate.

On August 2, 2013, Buckeye filed a Reply Memorandum (Docket #12), reiterating the arguments raised in its Motion to Quash and urging the Court to adopt the reasoning of Judges Gwin and Carr in previous cases, requiring Plaintiff to sever the Doe Defendants and proceed with a single Defendant. In the alternative, if the Court denies Plaintiff's Motion to Quash, Buckeye asks that the Court order Buckeye to provide notice to its customers and allow its

customers 30 days to object to the subpoena prior to releasing the information.

## Discussion

Pursuant to Fed. R. Civ. Pro. 45(c)(3), a court must quash or modify a subpoena that:

(I) fails to allow a reasonable time to comply;
(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business . . .
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.

The Court finds no basis upon which to quash the subpoena at issue. A person's identity is not privileged or protected in the face of accusations of copyright infringement. Although individuals may have a First Amendment right to engage in anonymous speech on the internet, these protections do not extend to shield the identity of persons involved in (or accused of involvement in) copyright violations. *Hard Drive Prods. v. Doe*, 2012 U.S. Dist. LEXIS 82927, *9-10 (N.D. Ill. June 14, 2012) (citing *Arista Records, LLC v. Doe 3,* 604 F.3d 110, 118 (2nd Cir. 2010)).

Accordingly, the right of anonymity does not create a protection or privilege sufficient to satisfy the requirements for a motion to quash when raised to prevent a plaintiff from accessing the protections afforded to it by law. *Hard Drive Productions,* 2012 U.S. Dist. LEXIS 82927, at *9-10; *First Time Videos, LLC v. Doe,* 276 F.R.D. 241, 250 (N.D. Ill. 2011); *Voltage Pictures, LLC v. Does* 1-5,000, 818 F. Supp.2d 28, 36 (D.D.C. 2011). Further, because internet subscribers have necessarily conveyed their identity and other identifying information to and ISP provider in order to establish an account, they do not have a "reasonable expectation of privacy in their subscriber information." *Hard Drive Productions,* 2012 U.S. Dist. LEXIS 82927, at *9-10 (quoting *First Time Video,* 276 F.R.D. at 249); see also *Boy Racer, Inc. v. Does 1-34*, No.

11-23035, 2012 U.S. Dist. LEXIS 60862, at *4 (S.D. Fla. May 1, 2012)).

Further, release of the names imposes no undue burden upon Buckeye and any argument as to the issue of improper joinder cannot properly be raised by non-party Buckeye.[2]

**Conclusion**

For all of the above reasons, the motion to quash is DENIED.

IT IS SO ORDERED.

s/Donald C. Nugent<br>Donald C. Nugent<br>United States District Judge

DATED: September 19, 2013

---

[2] Buckeye may notify its customers of the subpoena and/or the release of their identities pursuant to said subpoena should it so choose.